[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #119 and #122
The defendants in this action move to strike the fifth count of the substituted complaint on the basis that such count fails to state a cause of action. The complaint alleges that the plaintiff NDS is in the business of creating and distributing computer programs and support services for the food service industry. The plaintiff, John Hingen, is the President of NDS. Prior to January 24, 1997, the defendant, Robert Steinis, was a shareholder, director and officer of NDS.
The defendant, DMS, is alleged to be in the same business as NDS and a competitor. After January 24, 1997, the defendant, Steinis, entered into an employment or consulting relationship with DMS. Pursuant to an agreement between Steinis and NDS, the disclosure of trade secrets and other proprietary information by Steinis was prohibited for 15 years. CT Page 15654
The complaint alleges that Steinis, both individually and as an agent of DMS, has used confidential trade secrets and proprietary information of NDS, in order to divert "business for NDS. The substituted complaint alleges causes of action sounding in violation of Connecticut's Trade Secret Act, breach of fiduciary duty, breach of contract, violation of the Connecticut Unfair Trade Practices Act and defamation. It is the defamation claim as set forth in the fifth count which the defendants attack through this motion to strike.
It is the position of the defendants that the alleged libelous publication is one which constitutes defamation per quod and thus is not actionable without an allegation and proof of special damages. The plaintiffs, on the other hand, argue that, as amended the fifth count of the substituted complaint alleges a claim for libel per se which does not require an allegation of special damages.[1]
The fifth count alleges that after January 24, 1997 the defendants "represented in writing to prospective and/or actual customers of both DMS and NDS that Joe Greene, a principal of DMS wrote the NDS product, referring to NDS's primary software product". It is further alleged that such statement was false and that the primary software product was written by the president of NDS. It is alleged that the defendants knew such statements were false and that they were made maliciously.
"It is well settled that a libel is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business, and is of such a nature that it is calculated to cause injury to one in his profession or business."Proto v. Bridgeport Herald Corporation, 136 Conn. 557, 566
(1950).
In their reply brief, the defendants argue that the alleged defamatory statement is a ". . . classic example of a statement which is (at best) defamation per quod since defendant's alleged statements lack any hurtful quality absent the unstated claim that plaintiffs wrote the product." The court disagrees with this assertion and is of the opinion that the statement alleged, if proven to be false and made with malice[2] would constitute libel per se and therefore support an award of general damages.
The corporate defendant and the corporate plaintiffs are competitors vying for customers from a common pool. A statement CT Page 15655 which communicates to those customers that very product which the plaintiff seeks to sell, presumably as superior to that of its competitors, was the creation of one of those competitors, in the courts view, charges lack of skill in the plaintiffs' business. No collateral information is necessary. Of course the plaintiffs must prove the falsity of the statement but that does not mean that the falsity thereof had to be known to the customers to which it was communicated in order to be harmful to the corporate plaintiff's business. Indeed had such customers known that such statement was not true, if that is the case, its harmful effects would have been negated.
Since the allegations of the fifth count state a cause of action in libel per se, the motions to strike of both defendants are denied.
Bruce W. Thompson, Judge.